UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| MICHELLE PIPPIN, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | No. 3:16-cv-030-RLY-DML |

### Entry Denying Motion for Relief Pursuant to 28 U.S.C. § 2255 and Denying Certificate of Appealability

For the reasons explained in this Entry, the motion of Michelle Pippin for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

### I. The § 2255 Motion

#### A. Background

On January 28, 2015, Michelle Pippin ("Pippin"), along with her co-defendants, was charged in No. 3:15-cr-003-RLY-WGH-05 and No. 3:15-cr-006-RLY-WGH-03 with conspiracy to possess with intent to distribute 50 grams of methamphetamine or 500 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Non-Narcotic Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. Pippin retained Attorney Dax Womack to represent her in both cases.

On August 13, 2015, a Sealed Petition to Enter a Plea of Guilty and Plea Agreement, and a Sealed Addendum to the Petition and Plea Agreement was filed in both cases. The Plea Agreement, entered by the parties pursuant to Rule 11(c)(1)(C) of the *Federal Rules of Criminal*

*Procedure*, provided, among other things, that Pippin would cooperate and plead guilty to the two charges of possession with intent to distribute meth and receive a specific sentence of 180 months' imprisonment for each charge, with the sentences running concurrently. In exchange, the government agreed to run the 180-month sentences concurrently, and forego the filing of an Information pursuant to 21 U.S.C. § 851, which would have subjected Pippin to a life sentence because of her criminal history. The Plea Agreement noted that the potential maximum penalty Pippin faced was life imprisonment, a $10,000,000 fine, and five years' supervised release. It further provided the elements of the offense and the factual basis for the guilty pleas. Also under the terms of the Plea Agreement, Pippin expressly waived her right to appeal the convictions and sentences imposed on "any ground," regardless of how her sentences were calculated by the court or under the United States Sentencing Guidelines, if the court accepted the Rule 11(c)(1)(C) binding plea. Except for claims that she received ineffective assistance of counsel in the negotiation of the plea or plea agreement, Pippin waived her right to collaterally challenge her convictions or sentences in an action brought under 28 U.S.C. § 2255.

Pippin understood that her plea was governed by Rule 11(c)(1)(C) and that the specific sentence of 180 months' imprisonment for the charges in each Indictment, to be served concurrently, as set forth in the Plea Agreement.

### B. Discussion

A § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). The parameters of relief pursuant to § 2255 were reviewed in *Young v. United States,* 124 F.3d 794, 796 (7th Cir. 1997):

>Section 2255 is not a way to advance arguments that could have been presented earlier--especially not when the arguments rest entirely on a statute. *See Reed v. Farley,* 512 U.S. 339, 114 S. Ct. 2291, 129 L.Ed.2d 277 (1994). Although sec. 2255 para.1 permits a collateral attack on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States," only a small portion of statutory claims demonstrate that the sentence or conviction is itself a violation of law. The error must be so fundamental that a "complete miscarriage of justice" has occurred. *Reed,* 512 U.S. at 348, quoting from *Hill v. United States,* 368 U.S. 424, 428, 82 S. Ct. 468, 7 L.Ed.2d 417 (1962). Other "non-constitutional errors which could have been raised on appeal but were not, are barred on collateral review--regardless of cause and prejudice." *Bontkowski v. United States,* 850 F.2d 306, 313 (7th Cir. 1988).

Thus, relief pursuant to § 2255 is limited to an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice. *Borre v. United States,* 940 F.2d 215, 217 (7th Cir. 1991).

Pippin challenges the validity of her guilty plea and claims that she was denied the effective assistance of counsel. She also argues that her enhanced sentence as a career offender is unlawful under *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015).

In order for a plea to be valid, it must be made voluntarily, knowingly, and intelligently. *United States v. Hays*, 397 F.3d 564, 567 (7th Cir. 2005) (citing *United States v. Gilliam*, 255 F.3d 428, 432-33 (7th Cir. 2001)). A plea is voluntary when it is not induced by threats or misrepresentations, and the defendant is made aware of the direct consequences of the plea. *United States v. Jordan*, 870 F.2d 1310, 1317 (7th Cir. 1989) (citing *Brady v. United States*, 397 U.S. 742, 755 (1970)).

Pippin's guilty plea was entered in open Court and only after full compliance with the requirements of Rule 11 of the *Federal Rules of Criminal Procedure*. She acknowledged having received a copy of the Indictments, having discussed the charges with her attorney, and being guilty of the offenses to which she was pleading guilty. Her statements are binding in this proceeding. *Hugi v. United States,* 164 F.3d 378, 381 (7th Cir. 1999). "[V]oluntary responses made

by a defendant under oath before an examining judge [are] binding." *United States v. Ellison,* 835 F.2d 687, 693 (7th Cir. 1987). Pippin acknowledged that she had the right to plead not guilty to the charges, that she was aware that the maximum possible statutory sentences was life imprisonment, that if she went to trial the government would have the burden of proving the elements of the offenses beyond a reasonable doubt, that she had the right to trial by jury and to compel the attendance of witnesses, and that she understood the waiver of her right to appeal the sentence and to challenge the proceedings. Pippin acknowledged that she was guilty of the charges in the Indictments and supplemented the factual basis for the plea in the plea agreement.

The Court explicitly found that "the defendant is fully competent and capable of entering a plea. The defendant is aware of the nature of the charges and the consequences of her plea, and that the plea of guilty is a knowing and voluntary plea supported by an independent basis of fact containing each of the essential elements of those charges contained in each indictment." (Guilty Plea Transcript, at p. 48). Pippin's guilty plea was entered voluntarily, knowingly, and intelligently. Pippin's guilty plea was therefore valid. Her contentions otherwise are **rejected.**

The Sixth Amendment entitles criminal defendants to the effective assistance of counsel– that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms. *Bobby v. Van Hook,* 130 S. Ct. 13, 16 (2009). The governing Supreme Court case for resolving an ineffective assistance claim is *Strickland v. Washington*, 466 U.S. 668 (1984). To establish ineffective assistance of counsel under *Strickland*, the petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced her. *Id.* For a petitioner to establish that "counsel's assistance was so defective as to require reversal" of a conviction or a sentence, she must make two showings: (1) deficient performance that (2) prejudiced her defense. *Id.*, at 687.

With respect to the first prong, "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland,* 466 U.S. at 688). In determining whether counsel's performance was constitutionally deficient, the Court's review of counsel's performance is highly deferential, and the petitioner must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Davis v. Lambert*, 388 F.3d 1052, 1059 (7th Cir. 2004). With respect to the prejudice requirement, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. To establish prejudice in the context of a guilty plea, Pippin "must show that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985); *see also Lafler v. Cooper,* 132 S. Ct. 1376, 1384 (2012) ("a defendant must show the outcome of the plea process would have been different with competent advice"). No showing of that nature has been made here. *See Lee v. United States*, No. 16-327, 2017 WL 2694701, at *6 (U.S. June 23, 2017). The expanded record shows that Pippin's attorney provided her with outstanding representation, navigating her away from a mandatory life sentence. There was neither deficient performance in nor prejudice from that representation.

Pippin was sentenced in accord with the plea agreement. She relates that she was not happy with the sentence, but she knew in advance precisely what the sentence would be. There were no activities which triggered her attorney's obligation to file an appeal. Pippin did not expressly direct her attorney to file an appeal. Given the circumstances leading up to her conviction, moreover, her attorney could not reasonably conclude that "a rational defendant would want to appeal." *Roe*

*v. Flores–Ortega,* 528 U.S. 470, 480 (2000). "As part of a plea agreement, a defendant may validly waive his right to challenge his conviction and sentence on direct appeal or collateral review under 28 U.S.C. 2255." *Solano v. United States,* 812 F.3d 573, 577 (7th Cir.), *cert. denied*, 137 S. Ct. 58 (2016). That is what Pippin did in this case. Her effort to undo her waiver fails.

As noted, Pippin also contends that her enhanced sentence as a career offender is unlawful based on the holding in *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015). In *Johnson*, the Supreme Court invalidated the Armed Career Criminal Act's ("ACCA") residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), holding that it was unconstitutionally vague because it created uncertainty about (1) how to evaluate the risks posed by the crime and (2) how much risk it takes to qualify as a violent felony. 135 S. Ct. at 2557-58. *Johnson* applies retroactively to cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257 (2016). But in *Beckles v. United States*, the Supreme Court held that the Sentencing Guidelines are not subject to a constitutional vagueness challenge, so the residual clause in the Guidelines remained valid. 137 S. Ct. 886, 894-95 (2017). This necessarily defeats any challenge to an enhanced sentence based on career offender guidelines, even if such guidelines had been at play in determining Pippin's sentence.

### C. Conclusion

After a defendant has been convicted and exhausted her appeal rights, a court may presume that "[s]he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). The records and files in this action show that Pippin has failed to demonstrate a constitutional violation warranting collateral relief and thus is not entitled to the relief she seeks. Pippin's counsel was competent at every stage of the proceedings and there is no infirmity in her guilty plea. Accordingly, the motion for relief pursuant to 28 U.S.C. § 2255 is **denied**, and this action is dismissed with prejudice. Judgment consistent with this Entry shall now issue.

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Pippin has failed to show that reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**This Entry shall also be entered on the docket in the underlying criminal actions, No. 3:15-cr-003-RLY-WGH-05 and No. 3:15-cr-006-RLY-WGH-03.**

IT IS SO ORDERED.

Date: 7/19/2017

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MICHELLE PIPPIN
FCI Aliceville
PO Box 4000
Aliceville, AL 35442

Lauren M. Wheatley
UNITED STATES ATTORNEY'S OFFICE - EV
lauren.wheatley@usdoj.gov